UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH CAMPO ET AL.                      CIVIL ACTION

VERSUS                                    NO. 11-2588

BP AMERICA, INC. ET AL.                   MAGISTRATE JUDGE
                                          JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Defendants' motion to dismiss plaintiffs' negligent misrepresentation claim is pending before me in this case. Record Doc. No. 14. Plaintiffs filed a timely opposition memorandum. Record Doc. No. 15. Defendants were granted leave to file a reply memorandum. Record Doc. Nos. 19, 20. Having considered the record, the original state court petition, the parties' motion papers and the applicable law, IT IS ORDERED that the motion is DENIED for the following reasons.

A.    Background

Plaintiffs Kenneth and Velma Campo filed this suit for damages against BP America, Inc. and BP Exploration & Production, Inc. (hereafter collectively "BP") arising from the clean-up efforts after the explosion in the Gulf of Mexico of the Deepwater Horizon oil rig.  Plaintiffs assert causes of action for breach of contract, detrimental reliance and negligent misrepresentation under Louisiana law. They allege misrepresentations to pay plaintiffs $1,500 per day in exchange for "exclusive use and

control over Plaintiffs' [St. Bernard Parish marina] from the time of the BP Oil Spill and continuing indefinitely, but for a period no less than six months." Record Doc. No. 1-1 at 7, ¶ 8. Plaintiffs also allege that "[t]o the extent that Defendants attempt to enforce the terms of a written contract between the parties, Plaintiffs . . . request that this Court deem that this contract is null and void, as it should be annulled for a vice of consent," specifically "duress." Record Doc. No. 1-1 at 12, ¶¶ 37, 38. The final pretrial conference is scheduled for December 18, 2012 with a jury trial set to begin on January 7, 2013.

B.    <u>Defendants' Motion</u>

Defendants' motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) only of plaintiffs' negligent misrepresentation claim. In the motion, defendants argue that a promise to pay rent is not a representation of existing fact and thus cannot be the basis for a negligent misrepresentation claim. Record Doc. No. 14-1. Defendants emphasize that "a representation that something will be done in the future or a promise to do it, cannot be true or false at the time when it is made." Record Doc. No. 14-1 at 4. Defendants also argue that "negligent misrepresentation is typically employed to remedy damages caused to a non-contracting party by a breach of contract and . . . does not apply to a contracting party who is alleged to have made an affirmative misrepresentation." Record Doc. No. 14-1 at 3, 4.

2

<u>ANALYSIS</u>

A.    <u>Legal Standard for Motion to Dismiss</u>

In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009), and <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544 (2007), the United States Supreme Court clarified the standard

for reviewing a motion to dismiss under Rule 12(b)(6).  The Fifth Circuit has explained

the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  The Supreme Court in <u>Iqbal</u> explained that <u>Twombly</u> promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief.  First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Rhodes v. Prince</u>, 360 F. App'x 555, 557-58 (5th Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct.

at 1949, 1950; <u>Twombly</u>, 550 U.S. at 555; <u>Gonzales v. Kay</u>, 577 F.3d 600, 603 (5th Cir.

2009)) (citing <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.  Iqbal, 129 S. Ct. at 1949.  The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotation omitted).

Post-Twombly, the Fifth Circuit has reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011) (citing Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009)); Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)).

B.    Evaluation of the Parties' Arguments

Defendants argue that plaintiffs fail to state a claim for negligent representation under Louisiana law because Defendants' promise to pay rent is a representation of future conduct rather than existing fact.  Record Doc. No. 14-1 at 3. Defendants also

contend that negligent misrepresentation is not typically used to employ remedies between contracting parties. Record Doc. No. 14-1 at 3, 4. Plaintiffs respond that their negligent misrepresentation claim should not be dismissed because "existing fact" is not an essential element of negligent misrepresentation in Louisiana case law, and thus, "there is no requirement that the representations . . . concern only *past* conduct rather than future . . . intentions." Record Doc. No. 15 at 7 (italics in original). Plaintiffs cite several cases arguing that the thrust of Louisiana negligent misrepresentation law is one party having superior information and failing to state that information accurately, rather than failing to state existing facts. Record Doc. No. 15 at 7. Plaintiffs further argue that even if representations are limited to that of past conduct, "actions by Defendant in making the payments of $1500 per day for the initial period of the lease constituted representations of then existing facts sufficient to support a claim for negligent misrepresentation." Record Doc. No. 15 at 10. Defendant replies that "a promise to do something in the future simply is not a misrepresentation of fact." Record Doc. No. 17-2 at 2.

Louisiana case law is unclear on the issue of whether a negligent misrepresentation claim can be based on a promise concerning future conduct. It is clear, however, that misrepresentation of existing facts is not among the recitation of the threshold essential

elements of such a claim as described in Louisiana case law.  To state a claim for

negligent misrepresentation under Louisiana law, plaintiff must plead:

> (1) the defendant had a duty to conform his conduct to a specific standard
> (the duty element); (2) the defendant's conduct failed to conform to the
> appropriate standard (the breach element); (3) the defendant's substandard
> conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact
> element); (4) the defendant's substandard conduct was a legal cause of the
> plaintiff's injuries (the scope of liability or scope of protection element);
> (5) the actual damages (the damages element).

 Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 633 (La. 2006).  Stated more

simply, "[u]nder Louisiana law, the tort of negligent representation has three elements:

(1) there must be legal duty on the part of the defendant to supply correct information;

(2) there must be a breach of that duty, and (3) the breach must have caused damages to

the plaintiff."  Schaumburg v. State Farm Mut. Auto. Ins. Co., 421 F. App'x 434, 439-40

(5th Cir. 2011) (citations to Louisiana court decisions omitted).

On one hand, BP is correct when it argues that in evaluating this kind of claim on

a case-by-case basis, Louisiana courts have stated that "negligent misrepresentation

pertains to the failure to provide correct information about existing facts."  Ethyl Corp.

v. Gulf States Utils., 836 So. 2d 172, 178 (La. App. 1st Cir. 2002).  On the other hand,

in reversing this district court's dismissal of a negligent misrepresentation claim on a

summary judgment motion, the Fifth Circuit stated:

> The Louisiana Supreme Court has held that a duty to provide correct
> information was "imposed by law based upon policy considerations due to

the tortfeasor's knowledge of the <u>prospective</u> use of the information which expands the bounds of his duty of reasonable care to encompass the intended user." . . . "The theme in [Louisiana cases on negligent misrepresentation] is that one is liable for negligent disclosure if he has <u>superior</u> knowledge and <u>knows the other party is relying upon him for such knowledge</u>."

<u>Schaumburg</u>, 421 F. App'x at 440-41.  (emphasis added).

Neither party cites cases entirely on point.  I have located no Louisiana case law explicitly prohibiting a negligent misrepresentation claim from being based on a promise of future conduct of the sort alleged here.  For example, defendants cite <u>Busby v. Parish Nat'l Bank</u>, in which a business owner relied on a bank's representations that the bank would provide him with a loan, to argue that promises to perform future acts do not satisfy the existing fact standard.  464 So. 2d 374, 376 (La. App. 1st Cir. 1985); Record Doc. No. 14-1 at 3.  However, in <u>Busby</u>, the negligent misrepresentation claims did not fail because the misrepresentations were promises.  They were insufficient because (1) the misrepresentations did not result in any injury to plaintiff, and (2) there was no basis for plaintiff to rely on the representations.  <u>Busby</u>, 464 So. 2d at 378.  Moreover, in <u>Busby</u>, the court of appeal considered the case on appeal after evidence had been admitted at trial, not as a pleading matter.  <u>Id.</u> at 375.

In addition, defendants cite several cases in arguing that representations must be of "existing fact" to form a negligent misrepresentation claim, and that under this requirement a promise is in no way a representation.  Record Doc No. 14-1 at 3, 4.

However, the cases cited by BP are <u>intentional</u> misrepresentation cases.  Record Doc. No. 14-1 at 4.  <u>See</u>, <u>e.g.</u>, <u>Automatic Coin Enters. v. Vend-Tronics, Inc.</u>, 433 So. 2d 766, 768 (La. App. 5th Cir. 1983) (holding that an action for fraud cannot be predicated on a promise); <u>Colo. Milling & Elevator Co. v. Rapides Grocery Co.</u>, 142 So. 626, 629 (La. App. 2d Cir. 1932).

Defendants also argue that negligent misrepresentation claims typically are not "employed to remedy damages. . . between two contracting parties."  Record Doc. No. 14-1 at 3, 4, citing <u>Miller v. Lowe</u>, No. 08-1624, 2009 WL 4730201, at *5 (W.D. La. Dec. 4, 2009).  In <u>Miller</u>, the court held that a buyer who had <u>no prior business dealings</u> with the seller did not owe the seller a legal duty because a buyer is not responsible for disclosing correct information to help the seller determine the value of what he is selling. <u>Miller</u>, 2009 WL 4730201, at *5. <u>Miller</u> further explains that a negligent misrepresentation claim may exist where there is "some fiduciary duty or prior preexisting personal or professional relationship between the parties that would require disclosure of the information." <u>Id.</u>; <u>see</u> <u>Ethyl Corp.</u>, 836 So. 2d at 174-75 (holding that an energy provider-customer relationship provided the duty necessary to establish a negligent misrepresentation claim). Similarly, in <u>Bamburg v. Axis Onshore LP</u>, No. 08-1466, 2009 WL 1579512, at *10 (W.D. La. June 4, 2009), a district court held that in

soliciting a sale, when a seller begins to disclose information and has reason to know that the buyer is relying on his information, he must disclose all relevant information.

Here, unlike in <u>Miller</u>, where the buyer had neither prior dealings nor a business relationship with the seller and thus no duty was owed, BP had a business relationship with plaintiffs from the initial oral arrangement in circumstances giving rise to a duty to disclose correct information concerning BP's future conduct.  In addition, plaintiffs in the instant case have pled alternatively that the written contract ultimately entered after the business relationship had already commenced "is null and void." Record Doc. No. 1-1 at 12, ¶ 37.

C.      <u>Plaintiffs State a Claim for Negligent Misrepresentation</u>

I find that plaintiffs have sufficiently pled allegations necessary to state a claim for negligent misrepresentation.  In this case, BP's conduct was motivated by its urgent need to clean up the Deepwater Horizon oil spill.  Although the extent of assets, facilities and time needed to execute the cleanup operations was uncertain, BP had significantly more control over and information about those facts than plaintiffs.   BP had an established business relationship with plaintiffs based on their actual conduct in using plaintiffs' property for oil spill cleanup efforts pursuant to an alleged representation concerning how and for what period the property would be used, all <u>before</u> any written contract was executed.  BP allegedly promised to perform future acts based on its

superior knowledge and control over those circumstances. Plaintiffs have specifically alleged that their written contract with BP is null and void because it was entered under duress, a legal vice of consent.

Under these circumstances, plaintiffs have pled the duty element of a negligent misrepresentation claim because they allege that the parties had a prior business relationship in which plaintiffs invoiced BP for its use of plaintiffs' property and paid plaintiffs a $1,500 per day fee before any written agreement was executed.  Record Doc. No. 1-1 at 8, ¶¶ 14, 15.  Plaintiffs have sufficiently pled the breach element by alleging that BP misrepresented what its future conduct would be in a situation in which BP's knowledge and control of future oil spill cleanup efforts, needs and time requirements were far superior to plaintiffs.  Record Doc.  No. 1-1 at 11, ¶ 32.  Plaintiffs have sufficiently pled the cause-in-fact element because they allege that defendants' conduct and representations caused plaintiffs' damages.  Record Doc. No. 1-1 at 12, ¶ 35.  Plaintiffs have sufficiently pled the scope of liability element because they allege that defendants' representations directly and proximately caused plaintiffs' damages.  Record Doc. No. 1-1 at 12, ¶ 35.  In summarizing their claim, plaintiffs allege that "Defendants were negligent in their misrepresentations to Plaintiffs that Plaintiffs would receive . . . $1500 per day;" that "Defendants failed to act as reasonably prudent persons under the circumstances by making representations that were untrue with actual or constructive

10

knowledge that Plaintiffs would change their position in reasonable reliance on those representations;" and that "Defendants knew or should have known that these representations were untrue." Record Doc. No. 1-1 at 12, ¶ 36. Lastly, plaintiffs have sufficiently pled the damages element because they allege that they have suffered damages in the form of lost rental charges. Record Doc. No. 1-1 at 11, ¶ 34.

Thus, plaintiffs have pled all necessary elements of a negligent misrepresentation claim. Whether they might prevail on these allegations at trial or in summary judgment, as opposed to a pleading sufficiency matter, is not currently before the court. For all of the foregoing reasons, the motion is DENIED.

New Orleans, Louisiana, this _____1st_____ day of June, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

11